UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JULIE GALLAGHER, | ) Case No. 1:06 CV 2443 |
| Plaintiff, | ) ) Judge Dan Aaron Polster |
| vs. | ) ) **MEMORANDUM OF OPINION** |
| C.H. ROBINSON WORLDWIDE, INC., | ) **AND ORDER** ) |
| Defendant. | ) |

Pending before the Court is the Bill of Costs (**ECF No. 39**), filed by Defendant C.H. Robinson Worldwide, Inc. ("CHRW") following the Court's order granting judgment in its favor. Specifically, CHRW seeks $2496.65, which is broken down as follows:

- $2312.65 (costs of taking, transcribing and reproducing depositions of Julie Gallagher, Gregory Quast, Bryan Starosto and David Derryberry);

- $84 (copying costs relating to third parties Con-way Truckload Services and Hudson Health Center); and

- $100 (the cost of filing *pro hac vice* motions).

*Id.*

Plaintiff Julie Gallagher has filed objections challenging two of the three costs. *ECF No. 41*. Gallagher argues that she should not be required to pay the costs associated with deposing defense witnesses Quast, Starosto and Derryberry since their depositions were not needed and were hardly cited in the Court's summary judgment opinion. The Court overrules this objection. Although only one of these depositions was cited in the opinion, these depositions

were cited by CHRW in support of its summary judgment motion and the Court read all the depositions in arriving at its decision. It is unimaginable that the depositions of CHRW employees Quast, Starosto and Derryberry would not be necessary in preparing this case for summary judgment since the bulk of Gallagher's allegations of discrimination involved these three persons. Furthermore, in considering a defendant's motion for summary judgment, the Court must accept the truth of a plaintiff's evidence and draw all reasonable inferences in the plaintiff's favor. *Transition Healthcare Assoc., Inc. v. Tri-State Health Investors*, No. 3:06 CV 2859, 2008 WL 820456 (N.D. Ohio Mar. 25, 2008) (citing Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 456 (1992). This is why the Court relied heavily on Gallagher's own deposition testimony (and not these CHRW employees' testimony to the contrary) in reaching its ruling. Accordingly, this objection is overruled.

Next, Gallagher argues that the cost incurred by CHRW for filing *pro hac vice* motions should not be taxed against Gallagher. The Court agrees. Although the winning party may recover the cost incurred for permanent admission to the district court in which a case is litigated, there is no Sixth Circuit decision, Judicial Conference statement or statutory provision expressly authorizing recovery by the winning party of the cost incurred in filing *pro hac vice* motions. Until such authority so dictates, the undersigned will not tax these costs against the losing party.

Accordingly, the Bill of Costs (**ECF No. 39**) is **GRANTED** in part and **DENIED** in part. CHRW is awarded costs in the amount of $2,396.65.

**IT IS SO ORDERED.**

**Dan Aaron Polster**
**United States District Judge**

-2-